■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL FLYNN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered September 15, 1988, convicting him of assault in the third degree, leaving the scene of an accident without reporting and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in omitting from the jury charge an element of the crime of leaving the scene of an accident without reporting is without merit. The record reveals that the court omitted the element of the crime which states, "in case the person sustaining the damage is not present at the place where the damage occurred then he shall report the same as soon as physically able to the nearest police station, or judicial officer" (Vehicle and Traffic Law § 600 [1] [a]). Since no reasonable view of the evidence presented at trial showed that the complainant was not present at the scene of the accident, the trial court properly omitted that element of the crime from its charge to the jury (see, People v Lewis, 64 NY2d 1031, 1032; People v Howard, 60 NY2d 999, 1001).

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.